FILED by **SA** D.C

May 7, 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
# 13-80104-CR-HURLEY/HOPKINS
### CASE NO. _____

8 U.S.C. § 1324(a)(2)(B)(ii)
8 U.S.C. § 1327
8 U.S.C. § 1326(a)

UNITED STATES OF AMERICA

   **vs.**

KWAN LEVARITY,
 a/k/a "Joseph Kwan,"
GREG ANTHONY WHYTE,
COREY THOMPSON,
FLOYD BURGHER,
HOWARD McGREGOR,
ROY BROWN,
 a/k/a "Ainsley Walker,"
NEZINORD VIXAMAR,
KENNETH ATKINSON,
and VERONICA PHILLIPS,

                    **Defendants.**
_____/

## INDICTMENT

   The Grand Jury charges that:

### COUNTS 1-12

   On or about April 29, 2013, upon the high seas and out of the jurisdiction of any particular

State or district, and elsewhere, with Palm Beach County, in the Southern District of Florida, being

the district in which the offender was first brought, the defendant,

### KWAN LEVARITY,
### a/k/a "Joseph Kwan,"

did knowingly attempt to bring to the United States, aliens, as set forth in Counts 1-12 below, for

the purpose of commercial advantage and private financial gain, knowing and in reckless disregard

of the fact that such aliens had not received prior official authorization to come to, enter and reside in the United States, and regardless of any official action which may later be taken with respect to such alien:

| Count | Alien |
|---|---|
| 1 | Greg Anthony Whyte |
| 2 | Corey Thompson |
| 3 | Floyd Burgher |
| 4 | Howard McGregor |
| 5 | Roy Brown, a/k/a "Ainsley Walker" |
| 6 | Nezinord Vixamar |
| 7 | Kenneth Atkinson |
| 8 | Veronica Phillips |
| 9 | Madelie Dezamour |
| 10 | Douglas Medeiros Da Cunha, a/k/a, "Douglas Richard" |
| 11 | Fitzroy Ormsby |
| 12 | N.M. |

All in violation of Title 8, United States Code, Sections 1324(a)(2)(B)(ii).

## COUNTS 13-18

On or about April 29, 2013, upon the high seas and out of the jurisdiction of any particular State or district, and elsewhere, with Palm Beach County, in the Southern District of Florida, being the district in which the offender was first brought, the defendant,

**KWAN LEVARITY,**
**a/k/a "Joseph Kwan,"**

2

did knowingly aid and assist an alien, as set forth in Counts 13-18 below, to enter the United States,

said alien being inadmissible under Title 8, United States Code, Section 1182(a)(2), as an alien who

had been convicted of an aggravated felony:

| Count | Alien |
|:---:|:---:|
| 13 | Greg Anthony Whyte |
| 14 | Corey Thompson |
| 15 | Floyd Burgher |
| 16 | Howard McGregor |
| 17 | Roy Brown, a/k/a "Ainsley Walker" |
| 18 | Nezinord Vixamar |

In violation of Title 8, United States Code, Section 1327.

## COUNT 19

On or about April 29, 2013, upon the high seas and out of the jurisdiction of any

particular State or district, and elsewhere, with Palm Beach County, in the Southern District of

Florida, being the district in which the offender was first brought, the defendant

**KWAN LEVARITY,**
**a/k/a "Joseph Kwan,"**

an alien, having previously been deported and removed from the United States on or about

November 4, 2010, did attempt to enter the United States, knowingly and unlawfully, without the

Attorney General of the United States or his successor, the Secretary for Homeland Security

(Title 6, United States Code, Sections 202(3), 202(4) and 557), having expressly consented to

such alien's reapplying for admission to the United States, in violation of Title 8, United States

Code, Sections 1326(a).

3

## COUNT 20

On or about April 29, 2013, upon the high seas and out of the jurisdiction of any particular State or district, and elsewhere, with Palm Beach County, in the Southern District of Florida, being the district in which the offender was first brought, the defendant

### GREG ANTHONY WHYTE,

an alien, having previously been deported and removed from the United States on or about January 27, 2011, and January 26, 2012, did attempt to enter the United States, knowingly and unlawfully, without the Attorney General of the United States or his successor, the Secretary for Homeland Security (Title 6, United States Code, Sections 202(3), 202(4) and 557), having expressly consented to such alien's reapplying for admission to the United States, in violation of Title 8, United States Code, Sections 1326(a) and (b)(2).

## COUNT 21

On or about April 29, 2013, upon the high seas and out of the jurisdiction of any particular State or district, and elsewhere, with Palm Beach County, in the Southern District of Florida, being the district in which the offender was first brought, the defendant

### COREY THOMPSON,

an alien, having previously been deported and removed from the United States on or about July 5, 2008, February 28, 2011, and March, 29, 2012, did attempt to enter the United States, knowingly and unlawfully, without the Attorney General of the United States or his successor, the Secretary for Homeland Security (Title 6, United States Code, Sections 202(3), 202(4) and 557), having expressly consented to such alien's reapplying for admission to the United States, in violation of Title 8, United States Code, Sections 1326(a) and (b)(2).

## COUNT 22

On or about April 29, 2013, upon the high seas and out of the jurisdiction of any particular State or district, and elsewhere, with Palm Beach County, in the Southern District of Florida, being the district in which the offender was first brought, the defendant

### FLOYD BURGHER,

an alien, having previously been deported and removed from the United States on or about March 27, 2008, did attempt to enter the United States, knowingly and unlawfully, without the Attorney General of the United States or his successor, the Secretary for Homeland Security (Title 6, United States Code, Sections 202(3), 202(4) and 557), having expressly consented to such alien's reapplying for admission to the United States, in violation of Title 8, United States Code, Sections 1326(a) and (b)(2).

## COUNT 23

On or about April 29, 2013, upon the high seas and out of the jurisdiction of any particular State or district, and elsewhere, with Palm Beach County, in the Southern District of Florida, being the district in which the offender was first brought, the defendant

### HOWARD McGREGOR,

an alien, having previously been deported and removed from the United States on or about April 21, 1998, and December 12, 2012, did attempt to enter the United States, knowingly and unlawfully, without the Attorney General of the United States or his successor, the Secretary for Homeland Security (Title 6, United States Code, Sections 202(3), 202(4) and 557), having expressly consented to such alien's reapplying for admission to the United States, in violation of Title 8, United States Code, Sections 1326(a) and (b)(2).

## COUNT 24

On or about April 29, 2013, upon the high seas and out of the jurisdiction of any particular State or district, and elsewhere, with Palm Beach County, in the Southern District of Florida, being the district in which the offender was first brought, the defendant

**ROY BROWN,**
**a/k/a "Ainsley Walker,"**

an alien, having previously been deported and removed from the United States on or about September 21, 1993, and May 31, 2012, did attempt to enter the United States, knowingly and unlawfully, without the Attorney General of the United States or his successor, the Secretary for Homeland Security (Title 6, United States Code, Sections 202(3), 202(4) and 557), having expressly consented to such alien's reapplying for admission to the United States, in violation of Title 8, United States Code, Sections 1326(a) and (b)(2).

## COUNT 25

On or about April 29, 2013, upon the high seas and out of the jurisdiction of any particular State or district, and elsewhere, with Palm Beach County, in the Southern District of Florida, being the district in which the offender was first brought, the defendant

**NEZINORD VIXAMAR,**

an alien, having previously been deported and removed from the United States on or about February 26, 2013, did attempt to enter the United States, knowingly and unlawfully, without the Attorney General of the United States or his successor, the Secretary for Homeland Security (Title 6, United States Code, Sections 202(3), 202(4) and 557), having expressly consented to

such alien's reapplying for admission to the United States, in violation of Title 8, United States Code, Sections 1326(a) and (b)(2).

### COUNT 26

On or about April 29, 2013, upon the high seas and out of the jurisdiction of any particular State or district, and elsewhere, with Palm Beach County, in the Southern District of Florida, being the district in which the offender was first brought, the defendant

### KENNETH ATKINSON,

an alien, having previously been deported and removed from the United States on or about July 29, 2006, and August 31, 2012, did attempt to enter the United States, knowingly and unlawfully, without the Attorney General of the United States or his successor, the Secretary for Homeland Security (Title 6, United States Code, Sections 202(3), 202(4) and 557), having expressly consented to such alien's reapplying for admission to the United States, in violation of Title 8, United States Code, Sections 1326(a).

### COUNT 27

On or about April 29, 2013, upon the high seas and out of the jurisdiction of any particular State or district, and elsewhere, with Palm Beach County, in the Southern District of Florida, being the district in which the offender was first brought, the defendant

### VERONICA PHILLIPS,

an alien, having previously been deported and removed from the United States on or about October 22, 2008, and June 28, 2012, did attempt to enter the United States, knowingly and unlawfully, without the Attorney General of the United States or his successor, the Secretary for Homeland Security (Title 6, United States Code, Sections 202(3), 202(4) and 557), having

7

expressly consented to such alien's reapplying for admission to the United States, in violation of

Title 8, United States Code, Sections 1326(a) and (b)(1).

## CRIMINAL FORFEITURE

Forfeiture 1:

    Upon conviction of any of the violations alleged in Counts 1 through 12 of this

Indictment, the defendant **KWAN LEVARITY, a/k/a "Joseph Kwan,"** shall forfeit to the

United States any conveyance, including any vessel, vehicle, or aircraft, used in the commission

of the violation, and any property real or personal that constitutes, or is derived from or is

traceable to the proceeds obtained directly or indirectly from the commission of the violation, or

that is used to facilitate, or is intended to be used to facilitate, the commission of the violation.

    Pursuant to Title18, United States Code, Section 982(a)(6).

    If the property described above as being subject to forfeiture, as a result of any act or

omission of the defendant,

       (1)     cannot be located upon the exercise of due diligence;

       (2)     has been transferred or sold to, or deposited with a third person;

       (3)     has been placed beyond the jurisdiction of the Court;

       (4)     has been substantially diminished in value; or

       (5)     has been commingled with other property which cannot be subdivided

                   without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

All pursuant to Title 18 United States Code, Section 982, and Title 21 United States Code, Section 853.

Forfeiture 2:

Upon conviction of any of the violations alleged in Counts 13 through 19 of this indictment, the defendant **KWAN LEVARITY, a/k/a "Joseph Kwan,"** shall forfeit to the United States any conveyance, including any vessel, vehicle, or aircraft, that has been or is being used in the commission of the violation, the gross proceeds of such violation, and any property traceable to such conveyance or proceeds.

Pursuant to Title 28, United States Code, Section 2461, Title 8, United States Code, Section 1324 (b)(1), and the procedures outlined at Title 21, United States Code, Section 853.

If the property described above as being subject to forfeiture, as a result of any act or omission of the defendant,

(1)     cannot be located upon the exercise of due diligence;

(2)     has been transferred or sold to, or deposited with a third person;

(3)     has been placed beyond the jurisdiction of the Court;

(4)     has been substantially diminished in value; or

(5)     has been commingled with other property which cannot be subdivided without difficulty;

9

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

All pursuant to Title 28 United States Code, Section 2461, Title 8, United States Code, Section 1324(b)(1), and Title 21 United States Code, Section 853.

**A TRUE BILL**

_____

**FOREPERSON**

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BRANDY BRENTARI GALLER
ASSISTANT UNITED STATES ATTORNEY

10

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

vs.

**KWAN LEVARITY,**
a/k/a "Joseph Kwan," et al
                    **Defendants.**
_____/

CASE NO. _____

# CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)

| | | | | | New Defendant(s) | Yes _____ No _____ |

____ Miami     ____ Key West
____ FTL     _X_ WPB     ____ FTP

New Defendant(s)          Yes _____ No _____
Number of New Defendants
Total number of counts          _____

I do hereby certify that:

1.   I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.   I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.   Interpreter:     (Yes or No)     _Yes_
     List language and/or dialect     _Creole_____

4.   This case will take     _5_     days for the parties to try.

5.   Please check appropriate category and type of offense listed below:

     (Check only one)                          (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | _X_ | Petty | _____ |
| II | 6 to 10 days | _____ | Minor | _____ |
| III | 11 to 20 days | _____ | Misdem. | _____ |
| IV | 21 to 60 days | _____ | Felony | _X_ |
| V | 61 days and over | _____ | | |

6.   Has this case been previously filed in this District Court? (Yes or No)     _No_
If yes:
Judge: _____     Case No. _____
(Attach copy of dispositive order)
Has a complaint been filed in this matter?     (Yes or No)     _No_
If yes:
Magistrate Case No.     _N/A_____
Related Miscellaneous numbers:     _N/A_____
Defendant(s) in federal custody as of     _N/A_____
Defendant(s) in state custody as of     _____
Rule 20 from the     _____     District of _____

Is this a potential death penalty case? (Yes or No)     _____

7.   Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?     _____ Yes     _X_ No

8.   Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?     _____ Yes     _X_ No

_____
BRANDY BRENTARI GALLER
ASSISTANT UNITED STATES ATTORNEY
Admin. No. A5501296

*Penalty Sheet(s) attached

REV 4/8/08

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

### BOND RECOMMENDATION

DEFENDANT: KWAN LEVARITY a/k/a "Joseph Kwan"
_____

Pre-Trial Detention
_____
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____

AUSA:   BRANDY BRENTARI GALLER

Last Known Address: KROME Detention Center _____

_____

_____

What Facility: _____

_____

Agent(s): S/A Christopher T. Whitenton _____
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)
HSI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

## **BOND RECOMMENDATION**

GREG ANTHONY WHYTE

DEFENDANT: _____

Pre-Trial Detention
_____
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)


By: _____

AUSA:   BRANDY BRENTARI GALLER


Last Known Address: KROME Detention Center_____

_____

_____

What Facility: _____

_____

Agent(s): S/A Christopher T. Whitenton_____
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)  (ICE)  (**OTHER**)
HSI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

### <u>BOND RECOMMENDATION</u>

DEFENDANT: COREY THOMPSON
_____

<u>Pre-Trial Detention</u>_____
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA:   BRANDY BRENTARI GALLER

Last Known Address: <u>KROME Detention Center</u>_____

_____

_____

What Facility: _____

_____

Agent(s): <u>S/A Christopher T. Whitenton</u>_____
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (<u>**OTHER**</u>)
HSI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

### BOND RECOMMENDATION

DEFENDANT: __FLOYD BURGHER_____

__Pre-Trial Detention_____
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____

AUSA:    BRANDY BRENTARI GALLER

Last Known Address: __KROME Detention Center_____

_____

_____

What Facility: _____

_____

Agent(s): __S/A Christopher T. Whitenton___
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)
HSI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

### BOND RECOMMENDATION

DEFENDANT: <u>HOWARD MCGREGOR</u>

<u>Pre-Trial Detention</u>

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____

AUSA:   BRANDY BRENTARI GALLER

Last Known Address: <u>KROME Detention Center</u>

_____

_____

What Facility: _____

_____

Agent(s): <u>S/A Christopher T. Whitenton</u>

(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**<u>OTHER</u>**)
HSI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

### BOND RECOMMENDATION

ROY BROWN a/k/a "Ainsley Walker"
DEFENDANT: _____

Pre-Trial Detention
_____
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____

AUSA:   BRANDY BRENTARI GALLER

Last Known Address: KROME Detention Center _____

_____

_____

What Facility: _____

_____

Agent(s): S/A Christopher T. Whitenton ____
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)
HSI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NUMBER: _____

### <u>BOND RECOMMENDATION</u>

NEZINORD VIXAMAR

DEFENDANT: _____

<u>Pre-Trial Detention</u>
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____

AUSA:   BRANDY BRENTARI GALLER

Last Known Address: <u>KROME Detention Center</u>

_____

_____

What Facility:     _____

_____

Agent(s):     <u>S/A Christopher T. Whitenton</u>
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)
HSI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

### BOND RECOMMENDATION

KENNETH ATKINSON

DEFENDANT: _____

Pre-Trial Detention
_____
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____

AUSA:   BRANDY BRENTARI GALLER

Last Known Address: KROME Detention Center _____

_____

_____

What Facility: _____

_____

Agent(s):     S/A Christopher T. Whitenton ___
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)
HSI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NUMBER: _____

### <u>BOND RECOMMENDATION</u>

DEFENDANT: VERONICA PHILLIPS
_____

Pre-Trial Detention
_____
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA:   BRANDY BRENTARI GALLER

Last Known Address: Glades Correctional Facility _____

_____

_____

What Facility: _____

_____

Agent(s): S/A Christopher T. Whitenton ____
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (<u>**OTHER**</u>)
HSI

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## <u>PENALTY SHEET</u>

## CASE NO._____

**Defendant's Name:**   **KWAN LEVARITY a/k/a "Joseph Kwan"**

Count  #: 1-12

Attempting to bring Aliens into the United States for Commercial Advantage and Financial Gain
 Title 8, United States Code, Section 1324(a)(2)(B)(ii)

**\* Max.Penalty:**      First or Second Offense: Minimum 3 Years' and a maximum of 10 Years'
Imprisonment; 3 Years' Supervised Release; $250,000 Fine; For Third Offense or more: Minimum
5 Years' Imprisonment, Maximum 15 Years' Imprisonment; 3 Years' Supervised Release;
$250,000 Fine

Count  #: 13-18

Aid and assist an alien who had been convicted of an aggravated felony to enter the United States
 Title 8, United States Code, Section 1327

**\* Max Penalty** 10 Years' Imprisonment; 3 Years' Supervised Release; $250,000 Fine;

Count  #: 19

Illegal Reentry after Deportation
 Title 8, United States Code, Section 1326(a)

**\* Max Penalty** 2 Years' Imprisonment; 3 Years' Supervised Release; $250,000 Fine;

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## <u>PENALTY SHEET</u>

### CASE NO._____

**Defendant's Name**:   **GREG ANTHONY WHYTE**

Count  #: 20

 Illegal Reentry After Deportation by an Aggravated Felon
 Title 8, United States Code, Sections 1326(a) and (b)(2)

**\* Max.Penalty**:  Maximum 20 Years' Imprisonment; 3 Years' Supervised Release; $250,000 Fine;

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

## CASE NO._____

**Defendant's Name**:   **COREY THOMPSON**

Count  #: 21

 Illegal Reentry After Deportation by an Aggravated Felon
 Title 8, United States Code, Sections 1326(a) and (b)(2)

**\* Max.Penalty**:  Maximum 20 Years' Imprisonment; 3 Years' Supervised Release; $250,000 Fine;

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

### CASE NO._____

**Defendant's Name:**   **FLOYD BURGHER**

Count  #: 22

 Illegal Reentry After Deportation by an Aggravated Felon

 Title 8, United States Code, Sections 1326(a) and (b)(2)

**\* Max.Penalty**:  Maximum 20 Years' Imprisonment; 3 Years' Supervised Release; $250,000 Fine;

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

## CASE NO._____

**Defendant's Name**:   **HOWARD MCGREGOR**

Count  #: 23

 Illegal Reentry After Deportation by an Aggravated Felon

 Title 8, United States Code, Sections 1326(a) and (b)(2)

**\* Max.Penalty**:  Maximum 20 Years' Imprisonment; 3 Years' Supervised Release; $250,000 Fine;

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

### CASE NO._____

**Defendant's Name:**   **ROY BROWN, a/k/a "Ainsley Walker"**

Count #: 24

 Illegal Reentry After Deportation by an Aggravated Felon
 Title 8, United States Code, Sections 1326(a) and (b)(2)

**\* Max.Penalty**:  Maximum 20 Years' Imprisonment; 3 Years' Supervised Release; $250,000 Fine;

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## <u>PENALTY SHEET</u>

### CASE NO._____

**Defendant's Name:**   **NEZINORD VIXAMAR**

Count  #: 25

 Illegal Reentry After Deportation by an Aggravated Felon
 Title 8, United States Code, Sections 1326(a) and (b)(2)

**\* Max.Penalty**:  Maximum 20 Years' Imprisonment; 3 Years' Supervised Release; $250,000 Fine;

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

### CASE NO._____

**Defendant's Name**:   **KENNETH ATKINSON**

Count  #: 26

 Illegal Reentry After Deportation
 Title 8, United States Code, Section 1326(a)

**\* Max.Penalty**:  2 Years' Imprisonment; 3 Years' Supervised Release; $250,000 Fine;

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

### CASE NO._____

**Defendant's Name**:   **VERONICA PHILLIPS**

Count #: 27

 Illegal Reentry After Deportation by a Convicted Felon
 Title 8, United States Code, Sections 1326(a) and (b)(1)

**\* Max.Penalty**:  Maximum 10 Years' Imprisonment; 3 Years' Supervised Release; $250,000 Fine;